IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>SOMBRERO'S MEXICAN CANTINA, LLC,<br>and LEE ROBERTS, Individually and as owner<br>of the aforementioned company,<br><br>    Defendants. | Civil Action No. 2:21-cv-2357 |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants Sombrero's Mexican Cantina, LLC ("Sombrero's") and Lee Roberts, individually, as owner of Sombrero's Mexican Cantina, LLC, (collectively, "Defendants"), from violating Sections 217 and 215(a)(2) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act, for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from October 22, 2017, through October 22, 2019 ("Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

**Jurisdiction and Venue**

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

**Defendants**

1. Defendant Sombrero's Mexican Cantina is a limited liability company within this Court's jurisdiction with a principal place of business at 22702 Midland Drive, Shawnee, KS 66226.

2. Sombrero's Mexican Cantina is a single location restaurant.

3. Defendant, Lee Roberts, is the sole owner of Sombrero's Mexican Cantina and has actively managed and supervised Sombrero's Mexican Cantina's operations and its employees during the Investigation Period. Among other things, Lee Roberts has hired and fired employees, set their work schedules, and set their pay rates.

4. Lee Roberts has acted directly or indirectly in Sombrero's Mexican Cantina's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

5. During the Investigation Period, Defendants engaged in business within Johnson County, within the Court's jurisdiction.

**The FLSA Applies to Defendants**

6. Sombrero's Mexican Cantina is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

7. Sombrero's Mexican Cantina is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

### FLSA Violations

8. Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. During the Investigation Period, Defendants failed to pay employees in the role of cooks one and a half times their regular hourly rates for hours they worked in excess of forty hours in a workweek, in violation of Section 7 of the Act. Under Sections 7 and 15(a)(2) of the Act, Defendants were required, and failed, to pay these employees one and one-half times their regular rate for hours worked over forty in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2). Additionally, Defendants incorrectly calculated the overtime premium for servers in violation of 29 C.F.R. Part 531.

### Remedies Sought

9. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees

10. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Secretary does not currently know.

11. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

12. Moreover, Defendants repeatedly and willfully violated Section 217 of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct. Defendant Lee Roberts is a sophisticated restaurant owner and is aware of the requirement to pay overtime for hours worked over forty in a workweek. Moreover, Defendants failure to pay overtime was not done in good faith and objective reasonableness. *See Fowler v. Incor*, 279 Fed. Appx. 590, 599–600, 2008 WL 2019598, *9 (10th Cir. 2008) (unpublished opinion).

13. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

14. On or about August 7 and August 12, 2020, Defendants sent to Plaintiff a check in the amount of $41,891.65, purporting to be payment for the back wages owed as a result of the investigation. Plaintiff had previously advised the defendants that they owed the same amount, $41,891.65, to the employees listed in Exhibit A for the period of the Investigation Period, plus an equal amount in liquidated damages. Prior to the transmittal of the check, Defendants had not informed Plaintiff that they were sending a check for back wages, and there had not been any discussion with Plaintiff suggesting a negotiation of all his claims with Defendants. Having received payment by Defendants of the back wages covering the Investigative Period, Plaintiff still seeks any back wages owed to Defendants' employees for the period from the Investigative Period until the Defendants came into compliance, as well as liquidated damages, pursuant to

Section 16(c) of the Act, in an amount equal to the back wages already paid plus those owed for the period after the Investigation Period.

## Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Secretary respectfully requests this Court enter and Order:

A.    Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 217 and 15(a)(2) of the FLSA. 29 U.S.C. § 217(a).

B.    Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C.    If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D.    Providing such other relief as may be necessary and appropriate.

E.    Awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Seema Nanda
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

/s/Boyce Richardson
Trial Attorney
KS Bar #25588

2300 Main Street, Suite 1020
Kansas City, MO  64108
(816) 285-7262
(816) 285-7287 (fax)
Richardson.boyce.n@dol.gov

U.S. Department of Labor
Attorneys for Plaintiff

## **Exhibit A**

| Name |
| --- |
| Jesus Aguirre |
| Manuel Aguirre |
| Lauren Cummings |
| Socorro Estrada |
| Hector Gonzalez |
| Israel Gonzalez |
| Ismael Guzman |
| Jesus Guzman |
| Martin Guzman |
| Kimberlee Herbst |
| Marco Marquez |
| Arturo Ortiz |
| Simon Parra |
| Stephen Ray |
| Isaias Rodriguez |
| Erminio Salas |
| Matthew Smith |
| Trevor Standifer |